**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **JOSE MORALES** | : | Case No. |
| and | : | |
| **JULIO HERNANDEZ** | : | |
| and | : | |
| **CRECENCIANO HERNANDEZ DIAZ** | : | |
| and | : | |
| **HERIBERTO MORALES HELGUERA** | : | |
| Plaintiffs, | : | **COMPLAINT WITH JURY DEMAND** |
| vs. | : | |
| **DERRICKS CONCRETE LLC** | : | |
| and | : | |
| **ARK CONSTRUCTION SERVICES LLC** | : | |
| | : | |
| and | : | |
| **DERRICK KOLLER** | : | |
| and | : | |
| **THOMAS WIGGINS** | : | |
| Defendants. | : | |
| | : | |

**COMPLAINT WITH JURY DEMAND**

## INTRODUCTION

The Plaintiffs, Jose Morales, Julio Hernandez, Crecenciano Hernandez Diaz, and Heriberto Morales Helguera bring this actions against Defendants for recovery of unpaid wages. Specifically, Plaintiffs seek back pay, liquidated and treble damages, interest, and reimbursement of their costs and attorney's fees in this action pursuant to the Fair Labor Standards Act ("FLSA") (29 U.S.C. §201 *et seq*.); Ohio's Minimum Fair Wage Standards Act (R.C. Chapter 4111); and the Minimum Wage Amendment to Ohio's Constitution (Art. II, section 34a, Ohio Constitution). Further, Plaintiffs seek their unpaid wages and liquidated damages under Ohio Rev. Code §§ 4111 *et seq.*, and Ohio Rev. Code § 4113.15. Finally, Plaintiffs bring common-law claims against Defendants for breach of contract, promissory estoppel, and quantum meruit.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction over the Ohio- and common-law claims under 28 U.S.C § 1367(a) because they are so related to the FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district, and the Defendants' principal place of business is within this district.

## PARTIES AND BACKGROUND

3. Plaintiffs Jose Morales, Julio Hernandez, Crecenciano Hernandez Diaz, and Heriberto Morales Helguera were each employees of the Defendants between June 5, 2022 and October 6, 2022.

2

4. Each Plaintiff was an "employee" as defined in 29 U.S.C. § 203(e); R.C. Chapter 4111; and Article 2, Section 34a of Ohio's Constitution.

5. Defendant Derricks Concrete LLC was, at all relevant times, a company incorporated under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio and it employed Plaintiffs on construction projects in Ohio. Derricks Concrete, LLC may be served through its registered agent, Derrick Koller at 1361 Winward Dr., Mason, Ohio 45040.

6. Defendant, Derrick Koller was, at all relevant times, an individual who was a corporate officer of Derricks Concrete LLC, had significant ownership in Derricks Concrete LLC and controlled significant day-to-day functions of the business, including salaries and pay scales. Derrick Koller acted directly or indirectly in the interest of Defendant Derricks Concrete LLC in relation to Plaintiffs.

7. Defendant Ark Construction Services LLC was, at all relevant times, a company incorporated under the laws of the State of Ohio and maintains its principal place of business in the State of Ohio and it employed Plaintiffs on construction projects in Ohio and Kentucky. Defendant Ark Construction Services LLC  may be served through its registered agent, Thomas F. Wiggins, 856 Mason Rd., Monroe, Ohio 45050.

8. Defendant, Thomas Wiggins was, at all relevant times, an individual who was a corporate officer of Derricks Concrete LLC, had significant ownership in Derricks Concrete LLC and controlled significant day-to-day functions of the business, including salaries and pay scales. Derrick Koller acted directly or indirectly in the interest of Defendant Derricks Concrete LLC in relation to Plaintiffs.

9. Each Defendant was, at all relevant times, an "employer" as that term is defined in 29 U.S.C. § 203(d); R.C. Chapter 411; and Article 2, Section 34a of Ohio's Constitution.

10. Each Defendant, at all relevant times, was an "enterprise engaged in commerce or in the production of goods for commerce" as that phrase is defined under 29 U.S.C. § 203(s)(1).

11. Defendants are joint employers under the FLSA within the meaning of 29 C.F.R. § 791.2(e) and are jointly and severally liable for all hours worked by the employee.

12. Defendants agreed to Pay Plaintiffs a minimum daily rate of at least $150 for performing concrete finishing services on several residential and commercial sites.

13. In addition, for any job equaling over 1000 square feet or less, Defendants agreed to pay Plaintiffs, as a group, a total of at least $1,200 per job. For jobs greater than 1000 square feet, Defendants promised to pay Plaintiffs as a group at least $2.50/square feet of concrete finishing.

14. From approximately June 2022 through October 2022 Plaintiffs worked on at least 13 job sites performing concrete finishing services.

15. Of those jobs, one job site requiring over 8,500 square feet of concrete finishing, which resulted in Defendants promising to pay Plaintiffs approximately $21,250 for their work. ("Lone Tree Properties")

16. Other job sites on which Plaintiffs each performed work for Defendants include work performed at 2182 Riverside Drive, Cincinnati, Ohio; 10026 Washington Glen Dr., Dayton, Ohio; 5422 Watoga Dr. Liberty Twp., Ohio; 1341 Broadway Street, Cincinnati, Ohio; 723 Newton Dr., Beavercreek, Ohio; 2304 Rolling Acres Dr., Amelia, Ohio; 607 Gateway Blvd., Monroe, Ohio; 4061 Royal Parks Dr., Mason, Ohio; Winning Stakes Way, Mason, Ohio 45040; 105 Boyd Lane, Mason, Ohio 45040; 6851 Lexington Park Blvd., Mason, Ohio; 5300 Kenridge Rd., Blue Ash, Ohio.

4

17. From approximately June 2022 through October 2022 Plaintiff Jose Morales worked approximately 190 total hours, for Defendants on several construction projects in Ohio and Kentucky, yet has not been paid for all hours worked.

18. From approximately June 2022 through October2022 Plaintiff Julio Hernandez worked approximately 190 total hours, for Defendants on several construction projects in Ohio and Kentucky, yet has not been paid for all hours worked.

19. From approximately June 2022 through October2022 Plaintiff Crecenciano Hernandez Diaz worked approximately 190 total hours, for Defendants on several construction projects in Ohio and Kentucky yet has not been paid for all hours worked.

20. From approximately June 2022 through October 2022 Plaintiff Heriberto Morales Helguera worked approximately 190 total hours, for Defendants on several construction projects in Ohio and Kentucky yet has not been paid for all hours worked.

21. Each Plaintiff worked in excess of 60 hours for Derricks Concrete LLC, and none of the Plaintiffs have received compensation for the work.

22. Each Plaintiff worked in excess of 130 hours for Defendant Ark Construction Services LLC, and none of the Plaintiffs have yet to be paid for the work.

### FIRST CLAIM FOR RELIEF
(*Non-Payment of Wages under the FLSA*)

23. Plaintiffs reallege and incorporate the above allegations.

24. Under 29 U.S.C. § 206, Defendants were obligated to pay Plaintiffs the minimum rate of wages for any work they suffered, permitted, or required Plaintiffs to perform, and Defendants were obligated to comply with the remainder of the law, including the record-keeping requirements.

5

25. Defendants knowingly and willfully failed to comply with the requirements of 29 U.S.C. § 206 by suffering or permitting Plaintiffs to work for $0.00 per hour, which is less than the applicable federal minimum wage.

26. Defendants knowingly and willfully failed to pay Plaintiffs for all hours worked; Defendants were aware that Plaintiffs worked these hours, but still refused to pay Plaintiffs, even after several demands were made by Plaintiffs. The applicable federal minimum wage nationally was $7.25 per hour in 2022.

27. Defendants do not qualify for an exemption from paying minimum wages to Plaintiffs under 29 U.S.C. § 206; 29 U.S.C. § 213; or any other section of law.

28. Because Defendants have knowingly and willfully failed to pay Plaintiff Jose Morales at least the minimum rate of wages of $7.25 per hour for approximately 192 hours worked, Plaintiff Jose Morales has been injured in an amount of at least $1392 for back pay and an additional $1392 for liquidated damages.

29. Because Defendants have knowingly and willfully failed to pay Plaintiff Julio Hernandez at least the minimum rate of wages of $7.25 per hour for approximately 192 hours worked, Plaintiff Julio Hernandez has been injured in an amount of at least $1392 for back pay and an additional $1392 for liquidated damages.

30. Because Defendants have knowingly and willfully failed to pay Plaintiff Crecenciano Hernandez Diaz at least the minimum rate of wages of $7.25 per hour for approximately 192 hours worked, Plaintiff Crecenciano Hernandez Diaz has been injured in an amount of at least $1392 for back pay and an additional $1392 for liquidated damages.

31. Because Defendants have knowingly and willfully failed to pay Plaintiff Heriberto Morales Helguera at least the minimum rate of wages of $7.25 per hour for approximately 192 hours

worked, Plaintiff Heriberto Morales Helguera has been injured in an amount of at least $1392 for back pay and an additional $1392 or liquidated damages.

## SECOND CLAIM FOR RELIEF
*(Ohio Minimum Wage Violations)*

32. Plaintiffs re-allege and incorporate the above allegations.

33. Pursuant to R.C. Chapter 4111 and Article 2, Section 34s of Ohio's Constitution, Defendants were obligated to pay Plaintiffs the minimum rate of wages for any work they suffered, permitted, or required Plaintiffs to perform, and Defendants were obligated to comply with the remainder of the law, including record-keeping requirements.

34. Defendants knowingly and willfully failed to comply with the requirements of R.C. Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, by suffering or permitting each Plaintiff to work for $0.00 per hour, which is less than the applicable Ohio minimum wage rate of $9.30 per hour in 2022.

35. Defendants knowingly and willfully failed to pay each Plaintiff for all hours worked and were aware they worked these hours, but still refused to pay Plaintiffs.

36. Defendants do not qualify for any exemption from paying the minimum wage to Plaintiffs under R.C. Chapter 4111; Article 2, Section 34a of Ohio's Constitution; or any other section of law.

37. Because Defendants have knowingly and willfully failed to pay Plaintiffs at least the minimum rate of wages of $9.30 per hour for approximately 192 hours worked, Plaintiff Jose Morales has been injured in an amount of at least $1785.60 for back pay and an additional $1785.60 for liquidated damages.

38. Because Defendants have knowingly and willfully failed to pay Plaintiff Julio Hernandez at least the minimum rate of wages of $9.30 per hour for approximately 192 hours worked, Plaintiff

7

Julio Hernandez has been injured in an amount of at least $1785.60 for back pay and an additional $1785.60 for liquidated damages.

39. Because Defendants have knowingly and willfully failed to pay Plaintiff Crecenciano Hernandez Diaz at least the minimum rate of wages of $9.30 per hour for approximately 192 hours worked, Plaintiff Crecenciano Hernandez Diaz has been injured in an amount of at least $1785.60 for back pay and an additional $1785.60 for liquidated damages.

40. Because Defendants have knowingly and willfully failed to pay Plaintiff Heriberto Morales Helguera at least the minimum rate of wages of $9.30 per hour for approximately 192 hours worked, Plaintiff Heriberto Morales Helguera has been injured in an amount of at least $1785.60 for back pay and an additional $1785.60 for liquidated damages.

## THIRD CLAIM FOR RELIEF

*(O.R.C. 4113.15 Violations)*

41. Plaintiffs re-allege and incorporate the above allegations.

42. Defendants failed to pay Plaintiffs their agreed upon wages within the statutory period under O.R.C. 4113.15(A).

43. O.R.C. § 4113.15(A) requires the Defendants pay all Plaintiffs all wages on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month.

44. To date, Defendants have failed to pay at least a total of $60,000 in wages to Plaintiffs (or $15,000 to each Plaintiff), not including damages and interest.

45. Alternatively, Defendants have failed to pay at least $1785 in minimum hourly wages to each Plaintiff, not including damages and interest.

8

46. Because Defendants have failed to pay Plaintiffs their wages within the time period specified under R.C. 4114.15(A), Plaintiffs each seek their wages that remain unpaid, in the amount of at least $1785, plus statutory and liquidated damages, compounding every pay period during which Defendants remain in violation of the statute.

## FOURTH CLAIM FOR RELIEF
*(Breach of Contract)*

47. Plaintiffs re-allege and incorporate the above allegations.

48. Plaintiffs further state that Defendants entered into a contract with Plaintiffs to perform cement work and related construction services in at least 13 residential properties.

49. Defendants offered to pay Plaintiffs for cement work services at a piecework rate in excess of the federal and state minimum wage.

50. Plaintiffs accepted this offer and provided the requested services between August 11 and October 6, 2022.

51. Defendants breached the contract with Plaintiffs by failing and refusing to pay for all contracted services provided, leaving a remaining balance due and owing of approximately $15,000 to each Plaintiff, to be determined with greater specificity during the course of litigation.

52. This non-payment to the Plaintiffs is a material breach of the contract.

53. As a direct and proximate result of this breach, Plaintiffs have been damaged in the amount of approximately $15,000 each, to be decided with greater specificity by this court, with interest at the Contract rate of 11% per annum from October 6, 2022, plus costs, attorney fees, and other amounts as allowed by law.

## FIFTH CLAIM FOR RELIEF
*(Quantum Meruit – Unjust Enrichment Against Defendants)*

9

54. Plaintiffs re-allege and incorporate the above allegations.

55. Plaintiffs further contend that they have conferred the benefit of their services to Defendants who retained this benefit.

56. Plaintiffs claim that it would be unjust for Defendants to retain this benefit without payment.

57. Because Defendants have been unjustly enriched to the amount of the reasonable value of services after all setoffs and credits, and/or the amount Defendants were paid by the property owners for concrete services, this amount should be restituted to the Plaintiffs.

## DEMAND FOR JUDGEMENT

**WHEREFORE** Plaintiffs pray the Court enter an Order as follows:

a) ordering Defendants, jointly and severally, to pay back pay as well as liquidated and treble damages for each hour Plaintiffs worked for which Defendants failed to compensate them properly;

b) ordering Defendants, jointly and severally, to pay back pay and liquidated damages for each overtime hour Plaintiffs worked for which Defendants failed to compensate them properly;

c) ordering Defendants, jointly and severally, to pay pre- and post-judgment interest, as well as liquidated damages under R.C. 4113.15;

d) ordering Defendants, jointly and severally, to pay Plaintiff's attorneys' fees and costs;

e) awarding judgment in favor of Plaintiffs and against Defendants in connection with the third, fourth, and fifth claims for relief; and

f) awarding any other legal or equitable relief it deems just and proper.

Dated: February 7, 2025                    Respectfully Submitted,

                                           s/ Claire W. Bushorn Danzl

Claire W. Bushorn Danzl (0087167)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street
Cincinnati, Ohio 45202
Phone: (513) 827-5771
Fax: (513) 725-1148
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiffs*

11